In the Matter of GEORGE E. REYNOLDS, an Attorney, Respondent.

First Department, April 11, 1930.

*George R. Adams* [*Richard H. Clarke* of counsel], for the petitioner.

*George E. Reynolds,* respondent in person.

DOWLING, P. J. Respondent was admitted to practice as an attorney and counselor at law in the State of New York at a term of the Appellate Division of the Supreme Court of the State of New York, Second Department, on June 26, 1916.

The petition charges that respondent was guilty of unprofessional conduct in the misappropriation of moneys turned over to him by Mrs. Theresa Sabin (now Hayes). After respondent answered, the matter was referred to an official referee, to take testimony in regard to the charges and to report the same to this court with his opinion. The referee has duly reported and the petitioner moves for such action as the court may deem just and proper.

It appears that on or about February 25, 1926, Mrs. Theresa Sabin (now Hayes) delivered to the respondent the sum of $4,421.99, pursuant to the terms of a declaration of trust drawn by respondent and that day executed by her. Thereafter there were delivered to respondent other moneys so that he received a total of $7,442.71, under the trust. The referee found that this declaration of trust " is a verbose and involved document," signed only by Mrs. Hayes, and the referee's report states: " Although the witness Mrs. Hayes says she understood the language of the agreement I am convinced that she did not understand its terms." Briefly, the agreement provided that respondent was to receive the money and carry it uninvested or invested " in such form and in such class of securities as he may elect," and pay, either from income or principal, a certain sum each week for the maintainance of Mrs. Hayes and her two

children. On or about March 21, 1927, Mrs. Hayes called on respondent, her testimony is: " Well, I went over to ask him how much money he had left, and if I could have it in cash as we were going to put it on a house. * * * He gave me a slip of how much was left of the money. * * * Q. Did he say it was invested? A. I don't know. Q. What did he say? What did Mr. Reynolds say when you asked him for the money? A. He said he couldn't give it to me; he could give me some in six months, * * * ' I couldn't give you the whole thing before a year.' "

The slip of paper given Mrs. Hayes at that time has written on it in pencil " $4,451.08————$2,991.63." It is agreed that $2,991.63 represents the amount that had been paid to Mrs. Hayes and the $4,451.08 represents the balance respondent still had belonging to her. There is testimony that respondent told her the money was invested " in some kind of property, in Long Island." It further appears that respondent showed her some " yellow slips." These yellow slips were chattel mortgage notes of a corporation known as Empire Farms Corporation, and respondent's position was that Mrs. Hayes' money was " invested " in these " securities." The total of these notes, however, is in excess of the amount belonging to Mrs. Hayes. Following this call of Mrs. Hayes upon respondent, on March 22, 1927, and within two hours thereafter, complaint was made to the petitioner's committee. It appears that Mrs. Hayes consulted Emanuel E. Scheider, one time a law clerk in the employ of respondent, and asked him to take the matter in hand, and he immediately prepared and had Mrs. Hayes sign the complaint. Scheider was a witness in this proceeding and testified to certain of respondent's operations in connection with the Citizens Drug Company, one of his financial ventures, into which petitioner contends respondent put the Hayes money.

It appears that pending the proceedings following the complaint to petitioner's committee, respondent made payments to Mrs. Hayes under the trust agreement. After the close of the hearings before the referee, but before the referee made his report, respondent settled all of the claims of Mrs. Hayes and obtained a general release from her, as well as a receipt from her attorney, Scheider.

Respondent did not take the stand as a witness. He relied upon his answer and upon the strict construction of the trust declaration. In his answer he asserts that these funds were invested by him in the notes of the Empire Farms Company, Inc., secured by mortgage; that since the purchase of the notes a receiver for that corporation has been appointed. But, the referee points out, there is no evidence whatever that Mrs. Hayes' money was ever invested by the respondent. The referee states: " Throughout this investi-

gation the respondent has shown no disposition to produce evidence of what he did with Mrs. Hayes' money, after it got into his possession. His failure to take the stand in explanation leads me to the conclusion that a true statement from him would show his wrongful use of the money. A member of the bar whose personal integrity as a faithful attorney has been attacked so seriously should be anxious to avail himself of an opportunity to take the stand in his defense."

There are many inferences to be drawn from respondent's attitude throughout this proceeding. His failure to give a complete and detailed accounting leaves him open to criticism. However, there was no demand made upon him prior to March 22, 1927. The informal statement given on that occasion of the amount paid and the balance still due was correct. We do not pass on the question of respondent's obligation to surrender the principal at that time. The trust declaration gave respondent the widest latitude as to the investment of the trust fund. He was not precluded from investing them in ventures in which he was interested. Doing so might create the suspicion of misappropriation. In the absence of direct proof that there was misappropriation we are reluctant to hold that respondent has been guilty thereof. The respondent's whole procedure, however, was lacking in that candor and frankness which should characterize an attorney in all his financial dealings with his client. He should be suspended from practice for the period of one year, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

MERRELL, FINCH, McAVOY and O'MALLEY, JJ., concur.

Respondent suspended for one year.